IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
BYRON HUTCHISON,                : CASE NO.  1:10 CV 02837
                                :
                     Plaintiff  :
                                :
           -vs-                 : MEMORANDUM OF OPINION AND
                                : ORDER OF DISMISSAL
                                :
ERICO INTERNATIONAL             :
CORPORATION,                    :
                                :
                     Defendant. :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  The plaintiff Byron Hutchison ("Mr. Hutchison") has been pursuing his employment discrimination claim since 15 December 2010 (Doc. 1).  After passage of more than a year with no meaningful discovery accomplished by Mr. Hutchison, and coupled with his counsel's failure to attend a 16 November 2011 status conference regarding the flagging pace of discovery, defendant Erico International Corporation ("Erico") has filed a motion to dismiss under Fed. R. Civ. P. 37(b)(2) & 41(b).  (Doc. 24). Finding merit in Erico's argument, the Court will dismiss this matter for want of prosecution.  The Court will not, however, award the requested sanctions.

  The facts in this matter are straightforward and well documented.  Pursuant to the pre-trial discovery schedule agreed to by the parties during the Case Management Conference with the Court, initial disclosures were due by 3 August 2011.  Mr. Hutchison did not submit initial disclosures until Erico, after unproductive

correspondence with the Plaintiff's attorney, filed its motion to compel on 23 August 2011. (Doc. 18). The Court granted the Defendant's motion after a telephonic status conference with the parties' attorneys on 8 September 2011, and Mr. Hutchison's attorney filed initial disclosures that day. (Doc. 21). The Court noted in its 8 September 2011 order that "further delays in the discovery process may lead to the dismissal of this matter with prejudice." Despite correspondence from Erico attorneys, Mr. Hutchison's counsel provided only minimal discovery on 12 October 2011 and produced no further documents. (Doc. 24, Exhibit 1). The Court ordered a telephonic status conference on 16 November 2011 to discuss discovery concerns. Erico was available but Mr. Hutchison's counsel failed to attend or to contact the Court concerning the reason for his absence. Subsequently, Erico filed the instant motion to dismiss on 18 November 2011. (Doc. 24).

A district court has the authority to dismiss a case for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R. Co., 370 U.S. 626 (1962). The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.' " Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999).

District courts are permitted substantial discretion in determining whether dismissal is appropriate under Rule 41(b). In Stough v. Mayville Community Schools, 138 F.3d 612 (6th Cir. 1998), the Sixth Circuit held:

> When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct;

> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Id. at 615.

Because neither the Plaintiff nor his counsel have provided an explanation to the contrary, the Court must conclude that the failure to submit discovery responses, to file responsive briefs to Erico's motions to dismiss, or to comply with the Court's Order to appear for a telephonic status conference signifies willfulness, bad faith, or fault.  The Sixth Circuit has noted that, although no one factor is outcome-dispositive, willfulness or bad faith by the plaintiff is a key consideration.  See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591-92 (6th Cir. 2001).  Such willfulness may be found when a party consciously and intentionally disregards a court's order.  See Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995).  The Court is compelled to find that Mr. Hutchison has willfully failed to prosecute this litigation.

With regard to the second factor, the Court finds the defendant Erico to have been possibly prejudiced by Mr. Hutchison's failure to prosecute.   While Erico has expended little effort toward its defense, the case has, nevertheless, presented a potential legal liability since its inception over a year ago.

The third factor the Court must consider is whether Mr. Hutchison was previously warned that his failure to prosecute could lead to dismissal of his claims.  The plaintiff was given fair notice that his claims could be dismissed if he failed to comply with the Court's order concerning pretrial discovery deadlines.  The Court's 8 September 2011 Order granting Erico's motion to compel specifically alerted the Plaintiff to the possibility that further failure to comply with the discovery schedule may result in dismissal of the

plaintiff's claims.  Mr. Hutchison was afforded ample opportunity to notify the Court concerning counsel's further failure to appear for a telephonic conference on 16 November 2011.

Finally, the Court finds that Mr. Hutchison's conduct amounts "to a failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." Mulbah v. Detroit Bd. of Educ., 261 F. 3d at 591.  As Mr. Hutchison, through counsel, has  refused to comply with the Court's Order and his counsel has declined to take advantage of the opportunity to explain his failure to appear, no adequate alternative sanction is available to protect the integrity of the pretrial process.

While this Court prefers to adjudicate cases on their merits, the facts of this case indicate the plaintiff has no further interest in litigating his claims.  For the reasons set forth above, this Court grants Erico's motion to dismiss Mr. Hutchison's claims with prejudice for failure to prosecute.  Further, considering stage of discovery and defense efforts expended, the Court denies Erico's motion for sanctions.

IT IS SO ORDERED.

  /s/Lesley Wells
UNITED STATES DISTRICT JUDGE